# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

             **Case No. 1:25-cr-04138-MLG**

**ORLANDO MARIO JUDE SERRANO,**

   **Defendant.**

## ORDER DENYING DEFENDANT'S OPPOSED EMERGENCY MOTION FOR ORDER TO STAY TRANSPORT TO COMPETENCY EVALUATION, TO RETURN DEFENDANT TO NEW MEXICO, AND TO GRANT DEFENDANT FURLOUGH

**THIS MATTER** is before the Court on defendant Orlando Mario Jude Serrano's Emergency Motion for Order to Stay Transport to Competency Evaluation, to Return Defendant to New Mexico, and to Grant Defendant Furlough.  Doc. 33.  The United States opposes Mr. Serrano's motion.  *Id.* at 4.  The U.S. Marshal does not take a position on this motion.  *Id.*  For the following reasons, the Court DENIES Mr. Serrano's motion.

On September 19, 2025, Mr. Serrano was charged by criminal complaint with possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and possession of a machinegun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii).  Doc. 1.  The Court held a detention hearing on October 3, 2025.  Doc. 7.  Mr. Serrano waived his right to contest his detention, Doc. 9, and the Court detained Mr. Serrano because he had not rebutted the

presumption that he should be detained because of the nature of the charges he is facing.  Doc. 13.  On October 7, 2025, a federal grand jury returned an indictment against Mr. Serrano charging him with offenses nearly identical to those charged in the criminal complaint.  Doc. 17.  On January 29, 2026, Mr. Serrano filed an unopposed motion for a competency evaluation, which the Court granted the next day.  *See* Docs. 26, 27.

Mr. Serrano now asks the Court to interrupt his transportation to a federal medical facility for his competency evaluation and instead return him to New Mexico and temporarily release him, presumably under 18 U.S.C. § 3142(i), so that he can attend his daughter's funeral.  Doc. 33 at 1.  Mr. Serrano has not presented the Court with sufficient reasons to warrant his release.

Mr. Serrano bears the burden of proof under § 3142(i) to show that his temporary release is "necessary . . . for another compelling reason."  *See United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. Mar. 25, 2020); *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012).  The Court has not found a case in this District or Circuit that suggests that the desire to attend a loved one's funeral is a "compelling" reason for temporary release within the meaning of the statute.  Unfortunately, many detained defendants lose loved ones while in custody.  Temporary release to attend funerals would drastically increase the use of § 3142(i) and is not a "compelling" reason that justifies temporary release under that statute.  *See United States v. Alderete*, 336 F.R.D. 240, 266 (D.N.M. 2020) (relief under § 3142(i) should be used sparingly).

In addition, as Judge Browning explained:

> The decision whether to release a defendant temporarily under § 3142(i) is . . . intertwined with the factors that the . . . judicial officer consider(s) at the defendant's detention hearing[] because the risk of nonappearance and danger to the community are front and center in the judicial officer's mind as he or she

decides how compelling the defendant's reason for temporary release is.  These factors never go away.

*Alderete*, 336 F.R.D. at 269.  Mr. Serrano makes little effort to show that he will not flee or pose a danger to any other person or the community if he is temporarily released other than to suggest that a Deputy U.S. Marshal could escort him on his furlough, or if unescorted, he will return to custody.  *See* Doc. 33 at 3.  Either way, he promises to pay the U.S. Marshal for the costs incurred as a result of his plan.  *See id.* at 3–4.  This information, however, is not sufficient for the Court to release him.  The pretrial services report shows a criminal history dating back thirty years, beginning in Mr. Serrano's childhood.  *See* Doc. 6. at 5–6.  Since adulthood, Mr. Serrano has been convicted of various crimes, including multiple burglary offenses; multiple instances of receiving or transferring a stolen vehicle; multiple instances of resisting, evading, or obstructing an officer; being a felon in possession of a firearm, and multiple drug offenses.  Mr. Serrano has not rebutted the presumption that he should be detained, nor has he shown that his temporary release is necessary for a compelling reason.

**IT IS THEREFORE ORDERED** that defendant Orlando Mario Jude Serrano's Emergency Motion for Order to Stay Transport to Competency Evaluation, to Return Defendant to New Mexico, and to Grant Defendant Furlough. (Doc. 33) is denied.

DATED:  March 9, 2026.

_____
Laura Fashing
United States Magistrate Judge